IN THE UNITED STATES DISTRICT COURT
FOR THE SOUWTHERN DISTRICT OF OHIO
WESTERN DIVISION

STANLEY WATKINS
Plaintiff

Vs

OHIO DEPT OF ED
Ohio State board of Education
Ohio Attorney General
State of Ohio

Paola DeMaria
Superintendent of Public Instruction
Laura Kohler, President
Liza Dietrich, Professional conduct Staff Attorney
Aaron Ross, Professional Conduct Staff Attorney
Samuel Dunsky, Professional Conduct Staff Attorney
Dave Yost Ohio Attorney General
Zoe Saadey associate Assistant AG
Ashley Barbone associated Assistant AG

Defendants

CASE NO. 2 21 CV 4 4 8 2

[Judge Marbley]

MAGISTRATE JUDGE DEAVERS

COMPLAINT

& Motion for Preliminary
Restraining Order and Permanent
Restraining Order.

FILED
2021 SEP 10 PM 4: 14
RICHARD W. NAGEL
CLERK OF COURT
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

JURY DEMAND
ENDORSED HEREON

1

COMPLAINT

I. INTRODUCTION

1. The instant case is brought by a teacher to enforce his right to due process pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C §1983.

II. JURISDICTION

2. This Court has original federal question jurisdiction over the instant matter pursuant to the Constitution of the United States, 28 U.S.C. §1343, 28 U.S.C. §1331, and 42 U.S.C. § 1983. The rights and privileges sought herein are those secured by the Fifth and Fourteenth Amendment of the United States Constitution

III. VENUE

3. The parties to this action all reside or operate within the Southern district of Ohio, Western Division. Further, the events which form the basis for this Complaint occurred within the jurisdictional are of this Court. Therefore, venue is proper pursuant to 27 U.S.C. §119(b)

IV. PARTIES

4. Plaintiff, Stanley Watkins (Watkins) is a citizen of the United States and Ohio resident who currently lives in Franklin County. At all times relevant to the instant action, Watkins was a teacher certified by the state of Ohio to teach special education.

5. Defendants: The Ohio Department of Education (ODE) is the administrative department of the Ohio state government responsible for primary and secondary public education in the state. The Ohio State Board of Education is the governing body of the department and is responsible for overseeing the department. ODE is the entity responsible for the licensing of teachers within the state of Ohio. Pursuant to Ohio Administrative Code § 3302-24-05, ODE and its Board has the authority to sue and be sued, and to enter into contracts. The School

2

board is bound to comply with the United States Constitution, and all applicable federal and state laws, when licensing and disciplining teachers. The Ohio Attorney General Dave Yost and the assistant attorney's in his office.

V. FACTS

6. In 2015 Watkins was licensed as a special education teacher under a 4 year Alternative license. Said license has an expiration date of 6/30/19.

7. Watkins was terminated from the Columbus City School in 2017.

8. During 2017 a complaint was filed against Watkins with the ODE by some unknown person or entity. [Exhibit A]

9. On or about March 20, 2017 Watkins requested a copy of "the allegation...sent to ODE"

10. On or about March 20, Watkins received and email from Liza Dietrich stating in part, "…investigations are confidential, I am prohibited from disclosing any of the investigative documents that we have on file…." [Exhibit B (email chain)]

11. On or about March 26, 2018 Watkins send an email to Liza Dietrich requesting in part, "a complete copy (of) the complaint filed against me by (..) as I am not part of the public." Watkins was attempting to explain to Liza the misinterpretation of the Law. Confidentiality would not apply to the teacher accused of the allegation. Said teacher in the instant case Watkins would have immediate right to NOTICE under the US constitution 5th and 14th amendments. Further deprivation of said notice is actionable in a claim under 42 U.S.C. §1983.

12. Watkins made various requests to see the allegations against him. Both Public Request and Request under the Federal Freedom of Information Act. The ODE, neither Liza Dietrich nor any other person has provided Watkins (verbally or in writing) with the substance of the allegation of him as of July 25, 2019.

13. On or about January 23, 2019 Watkins received the email with the subject "Investigation Decision" in the Subject. The email had an attachment requesting Watkins signature and the voluntary surrender of license and a permanent limit of reapplying. (As of 01/23/19 Watkins still had not seen any

3

original allegations (likely in a complaint by John Doe/Jane Doe a CCS agent) against him as of the email styled "DECISION")  [Exhibit C]

14. Watkins immediately responded on January 23, 2019 requesting a hearing.

15. No hearing was granted Watkins for 10 months. Watkins never received written notice of the allegations until November 1, 2019. More than six (10) months passed since the time Watkins requested the hearing. Nearly three years have passed since the investigation began. More than four and a half (4 1/2) years passed since the events of 04/19/16 when the Columbus City Schools issued the termination resolution for Watkins. Therefore the action of the ODE to strip Watkins of his license is based on events that began to accrue with the 2016 termination resolution or earlier with the actual occurrences in October 2015 more than 6 years ago.

16. Watkins ODE 'Online Core Account' (used to update teacher licenses) was permanently blocked at some unknown date possible as early as July 2017but definitely by 10/01/19. Because of the ODE blocking all licensing Watkins applied for (07/22/19) and alterations (02/15/19) to his license have remained in "Pending Review Status"

17. Watkins was never given an explanation as to why all his application had a "pending review" status  (in the ODE licensing online portal) and why his license was not renewed. Although, the ODE online licensing portal accepted the payment in both Feb 2019 and July 2019 when he paid for changes and extensions. The ODE has kept the money paid by Watkins for said extension but has not issued changes or renewals.

18. After Watkins multiple phone inquiries about why his Feb 2019 paid application was on hold, in March 1, 2019. Watkins received the email (marked Exhibit D) stating the Watkins application is with the office of Professional Conduct pending review. Watkins has never received written notice for the reason for the action above "pending review."

19. Based on the action in 18 above Watkins license has been "revoked without notice" for the Minimum of 2 ½ years (since Feb 2019). Watkins license could have been unofficially revoked since 2017 all without NOTICE.

Nearly four (4) years has passed since the investigation began against Watkins. During than 3 years ODEs board has failed to take action.

CLAIMS FOR RELIEF

COUNT ONE

20. Plaintiff incorporates all of the above paragraphs as fully restated herein.

21. During the time period relevant herein, Watkins had limited contracts with various public and private schools while holding an active ODE issued license. However, Watkins has been barred from seeking new employment because of the 'unofficially revoked' license.

22. Pursuant to O.R.C. § 3319.31(D) , "The state board may delegate to the superintendent of public instruction the authority to revoke a person's license or to deny issuance or renewal of a license to a person under division" (C )"shall by a **written order** revoke the person's license or deny issuance or renewal of the license to the person." The state board or the superintendent shall revoke a license that has been issued to a person to whom this division applies and has expired in the same manner as a license that has not expired.

The state of Ohio must provide a teacher certain due process protections prior to revocation of his license. Specifically, the statute requires written notice of the School Board's intention to terminate the teacher's license, with full specification of the grounds for such consideration. In addition, the statute requires the school Board to provide the licensed person a hearing and written order" **before revocation**, **suspension** of a license whether the license is active or expired.

Hearing Notice November 1, 2019 should be ruled void and invalid.
As noted above and fully incorporated here Watkins received notice of a hearing 10 months after the request. There was no pandemic in 2019. The 10 month delay of the ODE providing notice to Watkins should be a sufficient fact to void the ODE rights to revoke Watkins license. In the same way that a respondent has only 30 days to respond to a hearing notice the ODE failure to respond to the respond request for a hearing for more that 30 days (10 months) should void the ODE right to revoke said license.

5

Watkins requested hearing went unanswered for 10 months. Finally a hearing has been granted. However, the ODE continues to refuse to renew and correct the name on Watkins license. The ODE board has openly and notoriously violated Watkins rights and has revoked his license by simply restricting any renewals; all without any written notice of charges, or a hearing at request, or a written notice of revocation.

<u>Defective Hearing Notice November 1, 2019</u>
The notice of November 1, 2019 is defective in two ways.
a) The ODE Amended the charges on May 11, 2021 adding the charges of negligence and incompetence. Said charges were added more than 5 years after the invents that begin to accrue 04/19/16. <u>Thus the May 11, 2021 amendment is void based on the Ohio 2 year statute of limitations.</u>

b) The May 11, 2021 includes a fraudulent claim Count 1 a)...when you were asleep...a student fell and hit their head.. The ODE and OAG and its attorney's know or should know that the above claim is fraudulent because a review of the transcript or the the CCS termination hearing of Watkins <u>no such claim was made by the witnesses</u> (Beth Suver, Timiko Walker or any witness) under direct examination.

    23. Pursuant to the provision of O.R.C §3319.31, Mr. Watkins has a property right in his continued use of his license issued by the ODE School Board.

    24. Pursuant to the Fifth and Fourteenth Amendments of the United States Constitution, the government cannot deprive a citizen of a property right without due process of law. When and individual with a property right in his professional license has said license revoked.
    Due process requires that he receive notice of the charges against him, an explanation of the evidence against him, and an opportunity to respond to the charges, a hearing upon request and a written revocation notice for said license active or expired. All the aforementioned actions must precede revocation, suspension, restriction, <u>or refusal to renew.</u>

    25. Defendants, acting intentionally and under the color of state law, deprived Mr. Watkins of his property right to continued use of his license issued by the ODE School Board without due process, thereby violating his right pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983.

26. Moreover, because nearly four and 1/2 (4 1/2) years has passed since the ODE investigation began against Watkins. During than 4 1/2 years ODEs board has failed to take action. The actions of the ODE Board in attempting to limit and or revoke Watkins' license should be invalidated. <u>Based on lapse of the statute of limitation, by the relevant statue which states, "an action not taken within two years shall be expunged."</u>

Based on the facts that absolutely no notice has been given Watkins the Plaintiff request that.

a). The Court issue a 14 day Temporary Restraining barring all hearings and proceeding a holding in abeyance the ODE Matter of Stanley Watkins. Until the court hears this matter.
b) The Court Issue a preliminary restraining order to the ODE Board to immediately issues Watkins license reinstated. until matters in 2 and 3 below can be adjudicated.
c) And finally the court issue a permanent restraining order. Permanently barring the ODE taking action against Watkins based on the almost 5 year old occurrence.

WHEREFORE, Plaintiff respectfully asks this Court to:

1. Enter judgment against all Defendants. And issue the above mentioned Preliminary restraining Order.

2. a). Holding that Defendants violated Mr. Watkins right to due process as protected by the Fifth and Fourteenth Amendments to the United States Constitution, and 42, U.S.C. §1983.

b). Ordering Defendant ODE Board of Education to renew Watkins teaching license.

c). awarding Mr. Watkins his attorneys' fees/costs, punitive damages (9 times the $60 fees = $540). And other legal and equitable relief that this Court deems appropriate.

3. Ruling that **OAC 3301-73-09 (G)** in Watkins case is **unconstitutional** according to the United States Constitution. <u>Because 3301-73-09 (G) effectively makes it impossible to have a due process hearing in Watkins case because the hearing officer cannot rule on Due process claims.</u>

7

Respectfully Submitted

………………………………………./………..date 09/10/21
Stanley T. Watkins
stanley.watkins785@gmail.com
1193 Weeping Willow Ct.
Blacklick, OH 43004
Telephone: 614-218-5215

Certificate of Service
The undersigned certifies that the forgoing complaint was served by electronic mail on 09/10/21

To: Liza Dietrich
25 South Front St
Columbus, Oh 43215
Liza.Dietrich@education.ohio.gov

Zoe.Saadey@ohioattorneygeneral.gov

Ashley.Barbone@ohioattorneygeneral.gov

lpratt2@columbus.rr.com