IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STANLEY WATKINS,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:21-cv-04482 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| **OHIO DEP'T OF ED.,** *et. al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This matter is before this Court on Defendants' dispositive motions. Specifically, this Court evaluates: (1) the motion to dismiss or for summary judgment from the Ohio Department of Education ("ODE"), Ohio State Board of Education ("BOE"), Superintendent of Public Instruction, Laura Kohler, Liza Deitrich, Aaron Ross, and Samuel Dunsky (collectively, the "ODE Defendants") (ECF No. 26); and (2) the motion to dismiss from Ohio Attorney General Dave Yost and Assistant Attorneys General Zoe Saadey and Ashley Barbone (collectively, the "AGO Defendants") (ECF No. 27). Having considered the oppositions from the Plaintiff, Mr. Stanley Watkins, this Court **GRANTS** both motions to dismiss, and **DISMISSES WITHOUT PREJUDICE** all of Mr. Watkins' claims.

### I. BACKGROUND

This Court detailed the factual and procedural background of all that transpired regarding Mr. Watkins' termination when considering his request for a preliminary junction, so it need not rehash that here. (*See* ECF No. 30). In that order, instead of granting the requested relief, this Court held the now-pending dispositive motions in abeyance and stayed the case due to ongoing state administrative proceedings. (*Id.*). Approximately a year and nine months later, Defendants

1

alerted this Court that those proceedings had come to a close, explaining that the BOE hearing officer's report and recommendation that Mr. Watkins' teaching licenses be denied and that he be "permanently ineligible to apply for a license issued by the [BOE]" (ECF No. 26, Ex. 1) was affirmed by the state trial court and state appellate court, the latter of which denied en banc consideration, and that Mr. Watkins did not appeal to the state supreme court. (ECF No. 37). Mr. Watkins opposed that status report but did not dispute that the state administrative proceedings had concluded, (ECF Nos. 38, 43), so this Court lifted the stay. (ECF No. 48). As such, the previously in abeyance dispositive motions are now ripe for this Court's review.

## II. LAW & ANALYSIS

### A. Sovereign Immunity

The Sixth Circuit treats sovereign immunity as a "jurisdictional bar" that, "once raised as a jurisdictional defect, must be decided before the merits." *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015). As both sets of Defendants asserted the Eleventh Amendment "as a threshold defense," this Court starts with an immunity analysis before potentially reaching the merits of Mr. Watkins' claims. *See Does v. Whitmer*, 69 F.4th 300, 305 (6th Cir. 2023).

Mr. Watkins, by way of 42 U.S.C. § 1983,[1] seeks to vindicate his due process rights, which he alleges were infringed upon by the State of Ohio, two state entities, and eight state officials over the course of his termination and license revocation proceedings. (ECF No. 1 at 2–3, 7). As a result, he requests various forms of injunctive and declaratory relief, as well as punitive damages and attorney's fees. (*Id.* at 7). But in light of modern immunity doctrines, some of these claims

---

[1] This Court understands Mr. Watkins to be bringing a federal due process claim. (*See* ECF No. 1 at 7). But to the extent any claims are interpreted as being brought against the State of Ohio, the BOE, or the ODE pursuant to state law—as the ODE Defendants assert and the AGO Defendants argue in the alternative, (*see* ECF No. 26 at 3; ECF No. 27 at 5–6)—those claims are barred, as the Eleventh Amendment unambiguously immunizes a state and its agencies from suits on the basis of state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

2

may be unavailable against some defendants, as whether this Court is empowered to grant Mr. Watkins' requested relief primarily turns on two axes: (1) who he is suing and in what capacity; and (2) for what relief is he suing.

This first axis—the "who"—is fundamental to how, if at all, Mr. Watkins' claims can proceed. Mr. Watkins sues only *state* individuals and entities, not local or municipal, thereby triggering the Eleventh Amendment. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); (*see* ECF No. 1 at 2–3, 7). The Eleventh Amendment provides multiple different immunities grounded in the idea that citizens cannot sue nonconsenting states in federal court. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). One broad immunity generally prohibits suits against a state regardless of the "what" of the suit, absent any waiver or "unmistakably clear" congressional abrogation of such immunity. *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992). The same is true as to "state entities that can be considered arms of the state[.]" *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003) (citing *Brotherton v. Cleveland*, 173 F.3d 552, 560 (6th Cir. 1999)). So, neither a state nor its arms can be sued for either damages or injunctive relief. *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100–01 (1984)); *Lawson v. Shelby Cnty., TN*, 211 F.3d 331, 335 (6th Cir. 2000).

Another more narrow immunity, turning on the "what" axis, bars suits against individual state officials in their *official* capacity for *money damages*. *Id.* at 718–19. These immunities exist because neither a state nor its agencies nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). That said, suits against state officials in their *official* capacity for *injunctive relief* to prevent a constitutional violation are not barred by the Eleventh Amendment. *Ex Parte Young*, 209 U.S.

123 (1908); *Wolfel*, 972 F.2d at 718. But this carve out to the Eleventh Amendment's grant of immunity extends only to requests for prospective relief governing the official's future conduct, not retroactive relief to address past harm. *Edelman v. Jordan*, 415 U.S. 651, 666–69 (1974).

The State of Ohio has not waived its Eleventh Amendment immunity as to § 1983, nor has Congress disturbed such immunity, so Mr. Watkins' claims against the State of Ohio are barred. *Wolfel*, 972 F.2d at 718 (citing *Will*, 491 U.S. at 65–67). So, too, are any claims for damages against the ODE and BDE, as the Eleventh Amendment equally immunizes agencies of the state. *See Alkire*, 330 F.3d at 814; *Dubuc v. Michigan Bd. of L. Examiners*, 342 F.3d 610, 615–16 (6th Cir. 2003).

But as to both the AGO and ODE state officials, this Court must first ask if Mr. Watkins is suing the officials in their official or individual capacity. *See Wells v. Brown*, 891 F.2d 591, 592–93 (6th Cir. 1989). This matters because claims for money damages brought against the former triggers Eleventh Amendment immunity—as suits against individuals in their official capacity are effectively suits against the state itself, *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)—while the latter triggers a qualified immunity analysis—wherein individuals sued in their individual capacity can be held personally liable for rights violations, *Wells*, 891 F.2d at 592. At its core, this labeling mechanism functions as notice to the individual defendant. *See Moore v. City of Harriman*, 272 F.3d 769, 772–73 (6th Cir. 2001) (en banc).

This circuit uses a "course of proceedings" test to determine whether an individual defendant has received sufficient notice of a plaintiff's intent to hold her personally liable. *Id.* ("When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings to determine whether *Wells*' ... concern about notice has been satisfied."). Under this test, "it is clearly preferable that plaintiffs explicitly state whether a

4

defendant is sued in his or her 'individual capacity'" but "failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." *Id.* (citing *Hardin v. Straub*, 954 F.2d 1193, 1200 (6th Cir. 1992)). Courts look for such notice in the complaint, but also in later pleadings, such as an opposition to defendant's summary judgment motion. *Id.* (citing *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir. 1995); *Abdur–Rahman v. Michigan Dep't of Corrs.*, 65 F.3d 489, 491 (6th Cir. 1995)).

Mr. Watkins does not state in what capacity he sued any of the state officials. But Mr. Watkins' claims are certainly against the state officials in their official capacity. As stated, Mr. Watkins' complaint charged the State of Ohio, two state entities, and eight state officials with violating his due process rights during a teaching license revocation process due to the Defendants' offices' handling of the process. *See Wells*, 891 F.2d at 593.

The question, then, is whether these officials were "clearly notified of the potential for payment of damages individually." *Wells*, 891 F.2d at 593. The complaint lists the individuals' names and official titles, and refers primarily to the Defendants in aggregate, including the entities, rather than to the state officials individually. The only exception to this is Defendant Dietrich, to whom Mr. Watkins refers in the context of documenting his attempts to get access to the Department's investigation, attempts that Defendant Dietrich fielded in her role as a Professional Conduct Staff Attorney. (*See* ECF No. 1 at 3). And Mr. Watkins' responses to the two sets of Defendants' dispositive motions do not engage with the actions of any of the Defendants, let alone target the individual officials' actions as somehow not by nature of their employment. *See Moore*, 272 F.3d at 773 (allegations that "'[t]he said officers, acting *for themselves and* for the City,' behaved 'with malice ... and violated the plaintiff's civil rights'" combined with seeking damages "against 'each of the defendants'" provided sufficient notice); *Pelfrey*, 43 F.3d at 1038 (allegations

5

that "the defendants acted outside the scope of their employment and in bad faith" constituted sufficient notice); (*See generally* ECF Nos. 31, 32). Combined, this Court cannot find that the state officials would be "on notice" that "they may be personally accountable for any damages liability that may flow from plaintiffs' due process claim." *Wells*, 891 F.2d at 593. As such, this Court need not conduct a qualified immunity analysis, and Mr. Watkins' claims for money damages against the state officials are barred by the Eleventh Amendment.

### B. Injunctive Relief

Taking all of this together, none of Mr. Watkins' claims for money damages against any Defendant can proceed, nor can any of Mr. Watkins' claims against the State, the ODE, or the BOE. This leaves his claims for injunctive relief against the state officials and his argument that a state administrative code provision violates federal due process. As mentioned, whether the former of these can be brought would generally turn on the "what" axis of the Eleventh Amendment's reach—that is, whether Mr. Watkins seeks prospective or retroactive injunctive relief—as claims designed to ensure future compliance with federal law are unaffected by the Eleventh Amendment. *See Edelman*, 415 U.S. at 667–68; *Lawson*, 211 F.3d at 335.

Mr. Watkins seeks renewal of his teaching license until his claims are adjudicated—that is, while the Court considers the constitutionality of a code provision underlying his state administrative proceedings. (ECF No. 1 at 7). This is not the first time Mr. Watkins has sought as much, as he unsuccessfully attempted to secure both a temporary restraining order and a preliminary injunction for similar reasons. (ECF No. 30 at 3–4). The Sixth Circuit found and has reaffirmed "that 'claims for reinstatement are prospective in nature and appropriate subjects for *Ex Parte Young* actions.'" *Diaz v. Michigan Dep't of Corrs.*, 703 F.3d 956, 966 (6th Cir. 2013) (quoting *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002)). Such is the case because

"claims for reinstatement state a violation that continues during the period the plaintiff is excluded from the benefits to which he [may be] entitled." *Carten*, 282 F.3d at 396 (citing *Elliott v. Hinds*, 786 F.2d 298, 301 (7th Cir. 1986)).

But Mr. Watkins' request for such an injunction is now moot, as the state administrative proceedings have completed, and this Court is currently considering Mr. Watkins' request that this Court find Ohio Adm. Code §§ 3301-73-09(G) unconstitutional. This assertion is backed by just one statement: that the provision "makes it impossible to have a due process hearing in Watkins [sic] case because the hearing officer cannot rule on Due process claims." (ECF No. 1 at 7). And this assertion falls short of carrying Mr. Watkins' burden for either a facial or as applied challenge to this provision.

Under a facial challenge, Mr. Watkins needs to "establish that no set of circumstances exists under which the [code provision] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). Mr. Watkins' one-sentence explanation for the provision's unconstitutionality is insufficient "to take the law off the books completely." *Connection Distrib. Co. v. Holder*, 557 F.3d 321, 335 (6th Cir. 2009). And Mr. Watkins is no more successful on his as applied challenge. Mr. Watkins received a hearing facilitated by the BOE, after which the hearing officer submitted a ninety-page report and recommendation. (ECF No. 26, Ex. 1). As is his right under state law, Mr. Watkins then sought review of this decision by and raised his due process concerns to the state trial court, a panel of the state appellate court, and the entirety of the state appellate court to no avail. (ECF No. 37 at 2; ECF No. 37, Exs. 2–5). He appears to have opted not to appeal to the state supreme court. (ECF No. 37 at 2). In light of this, this Court is unable to find that Mr. Watkins lacked the opportunity to have his due process concerns heard, and certainly was not deprived of the ability to do so by way of Ohio Adm. Code §§ 3301-73-09(G).

* * *

Due to a combination of the Eleventh Amendment and insufficient support, this Court cannot grant any of Mr. Watkins' requests for relief, so none of his claims survives. As such, both the AGO and BOE Defendants' motions to dismiss are **GRANTED**.

### III.   CONCLUSION

For the foregoing reasons, both motions to dismiss (ECF Nos. 26, 27) are **GRANTED**. Mr. Watkins' claims are **DISMISSED WITHOUT PREJUDICE** and this case is **CLOSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: July 1, 2024**